IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED AT ALBUQUERQUE NM

MAY - 4 1999

ROBERT M. MARCH
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. CIV-99-0331 SC/DJS
CR-97-562 SC

JUAN CARLOS CHAIREZ,

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to correct sentence filed March 22, 1999. The motion invokes 18 U.S.C. § 3742 for its statutory basis, and was treated administratively as a motion under 28 U.S.C. § 2255. Defendant asserts that the Court failed to reduce his offense level for his role as a minor participant. As a result, his sentencing range was miscalculated, and the sentence should now be reduced accordingly. The motion will be denied.

As a matter of criminal procedure, the Court has no authority to grant Defendant's motion. The statutory provision cited by Defendant, 18 U.S.C. § 3742, only provides a basis for modification of a sentence under Fed.R.Crim.P. 35(a) on remand from an appeal. Defendant did not appeal his sentence. Otherwise, except in certain limited circumstances, the Court may only modify a sentence within seven days after imposition of the sentence. Fed.R.Crim.P. 35(c); *United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996); *see* Fed.R.Crim.P. 36 (clerical mistakes); 35(b) (on government's motion for changed circumstances); 18 U.S.C. § 3582(c) (motion by Bureau of Prisons based on retroactive change in Sentencing Guidelines); *cf. United States v. Moore*, 83 F.3d 1231, 1233 (10th Cir. 1996) (resentencing under 28 U.S.C. § 2255). Defendant's motion does not



implicate any of these statutory provisions which allow resentencing.

Even construing Defendant's motion under 28 U.S.C. § 2255, *Moore*, 83 F.3d at 1233, no relief is available. First, Defendant did not appeal his sentence, and thus his claims are procedurally barred. "A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Bousley v. United States*, 523 U.S. 614, ---, 118 S.Ct. 1604, 1611 (1998). "[T]he district court...may raise and enforce [procedural bar] sua sponte, if doing so furthers 'the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice.'" *United States v. Allen*, 16 F.3d 377, 378-79 (10th Cir. 1994) (quoting *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992)). And second, on the merits, *Allen*, 16 F.3d at 379 (substance of the motion may be examined even if the "procedural bar would also apply"), Defendant's motion merely reasserts claims that were expressly raised and adjudicated at sentencing. Defendant's claims are precluded by the doctrine of law of the case, and the motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to correct sentence filed March 22, 1999, is DENIED.

_____
UNITED STATES DISTRICT JUDGE

2